## UNITED STATES v. CARNEGIE–ILLINOIS STEEL CORPORATION.

Nos. 11409, 11416.

District Court, W. D. Pennsylvania.

Jan. 26, 1944.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., Tom C. Clark, Asst. Atty. Gen., and Robert L. Wright and Edward Dumbauld, Sp. Assts. to Atty. Gen., for the United States.

Reed, Smith, Shaw & McClay, Carl E. Glock and Elder W. Marshall, all of Pittsburgh, for defendant.

GIBSON, District Judge.

Counsel for the United States has moved to consolidate the indictments at No. 11409 and No. 11416 Criminal. Counsel for the defendant has filed an answer to the motion wherein it is asserted that the two cases involve separate transactions, and that the trial of the cases together would substantially prejudice the rights of the defendant.

The indictment at No. 11409 Criminal recited that the defendant, from January 1, 1942, to March 16, 1943, was engaged in making steel plates for the War and Treasury Departments of the United States. By its contracts it was required to make and submit reports of certain physical tests of the plates for the purpose of showing whether or not the specifications had been met. These tests were recorded in the Metallurgical Department of defendant's works when made. Certain reports to the Government agencies, which did not disclose the true result of the tests, and which falsely indicated compliance with the specifications, were made. The indictment further declares, in substance, that a Committee of the United States Senate, known as the Truman Committee, in cooperation with the War Production Board, was lawfully engaged in investigating the performance of defendant's said contracts with the Government agencies. While so engaged, on March 16, 1943, the Truman Committee took possession of the heat book of the defendant, showing the actual results of the tests theretofore made and recorded. Then follows the charging part of the indictment. The defendant, on or about the 17th day of March, 1943, it is alleged, wilfully concealed and covered up material facts within the jurisdiction of the Government agencies by the trick, scheme and device of removing from defendant's files, and concealing and destroying several hundred of said control test reports for the purpose of concealing the fact that numerous false reports of tests had been made.

The indictment at No. 11416 Criminal contains 47 counts. Each count, after a recital similar to that set forth in the indictment at No. 11409, charged that the defendant concealed and covered up material facts within the jurisdiction of a named Government agency by the trick, scheme and device of falsely stating and certifying that the plates therein mentioned had been made from a certain numbered heat, this for the purpose of representing to said Government agency that said plates were made from and tests were satisfactorily taken from the particular heat mentioned and thus falsely indicating compliance with the contract specifications. The offences charged in the indictment range from dates in 1942 to February 15, 1943.

The reports of tests alleged in No. 11409 Criminal to have been removed from defendant's files on March 17, 1943, range from January 1, 1942 to March 16, 1943.

The defendant has urged that the test reports which defendant is charged with having removed and concealed in No. 11409 Criminal were of tests not required to be made in the presence of Government inspectors. This is not as stated in the indictment. In its third paragraph it appears: "In some instances said physical tests were required to be made by employees of CIL in the presence of outside inspectors, that is to say, inspectors respectively representing the said governmental agencies. In other instances said physical tests were not required to be made in the presence of outside inspectors * * *" The defendant's contention is not material, because the indictment asserts that the specifications required defendant to report the tests made.

Considering them generally, the single count at Number 11409 and the 47 counts at No. 11416, each charge a fraud upon the United States by the concealment of a material fact or facts from its agents. Where fraud is alleged the door to proof is not narrow. Motive and intent become material, and the court is of opinion that even if the indictments were not consolidated for trial competent proof of the removal of the tests alleged in No. 11409 Criminal might be offered. Being of that opinion, we will grant the motion to consolidate.